

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Olin Culberson, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1219
Re: Operation of House Bill No. 792 regulating the liquefied petroleum gas industry.

We have received your letter of August 31, 1939, requesting an opinion of this department upon six different questions propounded in your letter.

The first of your questions reads as follows:

"(1). Will a corporation that is engaged in the assembly of apparatus used for the storage and dispensing of liquefied petroleum gas and which has one main office in a given city and three or four branch offices in other cities, but which branch offices operate under the same corporate name as the main office - will one license fee cover all operations of the company or will it be necessary for each branch office to file a bond and pay the license fee."

Section 2(b) of this Act reads, in part, as follows:

"No person, firm or corporation shall, after the effective date of this Act, engage in this State in the manufacture and/or assembly, sale or installation of any apparatus to be used in this State for the storage and/or dispensing of liquefied petroleum gas or to be used for any of the purposes enumerated in Section 2a hereof, or engage in the handling and/or transportation

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of liquefied petroleum gas over the highways
of this State for use in any such apparatus,
without having first obtained from the Railroad
Commission of Texas, under the provision of
this Act a license so to do. * * *"

We have read and considered the entire H.B. 792
and in our opinion the term person as used in Section
(b) and other sections of said Act is used to denote a
dealer which may be a person, firm or corporation and
is used in the sense of a person owning and operating
his own particular business which is regulated under
the terms and scope of this Act. From our considera-
tion of the entire Act, we do not believe that it was
the intention of the Legislature to require every per-
son that might be employed by a firm or a corporation
to have a license and to post a bond before participat-
ing in the sale of assembling, manufacturing, instal-
ing or transporting any of the apparatus or equipment
provided for in this Act.

But on the contrary we believe it to have been
the intention of the Legislature that the person, firm
or corporation operating the business and responsible
for the operation management of the business to be the
only one required to post a bond and secure the license.
The use of the term "person" being in the sense applied
in Vol. 7 Words and Phrases, First Series, as the one
who could claim the use, benefit or advantage of the
property. We like also to apply the restriction of the
"right to control the property or business". In the
event loss was sustained or a cause of action arose as
a result of the defective apparatus sold, the liability
would fall upon the person, firm or corporation operat-
ing said business. Therefore, you are advised that in
our opinion the answer to your first question is "No".

Question No. 2 - "Such a corporation as
mentioned in Question No. 1 furnishes these
systems and appliances to other people who oper-
ate in their own individual capacity as mer-
chants or salesmen. Commissions are paid to
such merchants or salesmen by the corporation
filling such orders. Is it necessary that each

Hon. Olin Culberson, Director, page 3

indivldual who operates under his own name to
file a bond and pay the license fee?"

We answer your Question No. 2 in the affirmative.
Your question states that other people operate in their
own individual capacity, that being true they have their
own business or represent themselves to be in business
and are not taking orders from the manufacturer or from
some corporation firm or individual. We construe H.B.
792 to intend that all persons engaging in any phases
of the industry mentioned herein upon their own respon-
sibility to fall within its requirements. These indiv-
iduals are acting as merchants selling liquid gas.

Question No. 3. "The Automatic Butane Gas
Company, home office Houston, Texas, also oper-
ates the 'Brazoria County Gas Company' and the
'Liberty County Gas Company.' Can the Automatic
Butane Gas Company file one bond and pay one
license fee to cover the activities of the three
differently named activities, but all of which
are under one common ownership?"

We have additional information that none of
three named companies are incorporated, but are all owned
entirely by one individual and operated under assumed
names. The Brazoria County and Liberty County Gas Com-
panies being operated as branches, receiving their stock
and equipment from the Automatic Butane Gas Company,
Houston. There is, therefore, one owner responsible for
all debts, claims or law suits of or against all three
concerns. Under our theory of the intention of legislature
there is no necessity for a bond and license of each com-
pany, but one bond and one license will suffice.

Question No. 4. "Section 2 of House Bill
792 reads as follows, in part: 'Containers sub-
ject to the regulation of the Interstate Com-
merce Commission and containers which are owned
or used by the Government of the United States

Hon. Olin Culberson, Director, page 4

of America are excepted from the provisions of this section."

"We have many people who use what is known as 'I.C.C.' Containers in the handling of what is called "Bottled" gas business, but such containers are never shipped in anything except in intrastate business. Further Section 2 provides for the manner of construction of butane gas containers and not to engaging in the 'business'.

"We have held that a person sells and distributes butane gas using I.C.C. Containers is subject to file the bond and pay the license fee. Are we correct in this requirement?"

Your question and information pertaining thereto advises us that you have held a person who sells and distributes Butane Gas using I.C.C. Containers is subject to file a bond and pay the license fee. We think you have correctly answered that question and that the statute clearly requires that that be done.

Section 2(a) provides that containers subject to the regulation of the Interstate Commerce Commission and containers which are owned and used by the Government of the United States of America are excepted from the provisions of this section. Since your letter states that the containers mentioned in Question No. 4 are used only in intrastate business the statute makes no exception for those containers they are clearly within the requirements of the statute.

Question No. 5. "A distributor of butane equipment has his products handled by individuals and firms in different towns. These individuals and firms solicit the sale of this butane equipment and receive therefor a commission from the distributor. The distributor operates under one name and the above mentioned representatives operate businesses under their own respective names."

Question No. 5 appears to us to have the same set of facts as Question No. 2, heretofore answered.

Hon. Olin Culberson, Director, page 5

Our answer to Question No. 5 is "Yes". They are oper-
ating in their individual capacity though they receive
a commission from the distributor for their sales. We
believe the Statute requires them to be licensed and
bonded. We think that you have correctly held that
these persons are engaged in the sale of apparatus to
be used in Texas for storage and dispensing of liquefi-
ed petroleum gas as set out in Section 2 (b) of the Act.

 Question No. 6. "A wholesale hardware man
purchases I.C.C. Containers, which he subsequent-
ly sells to retail hardware men, who in turn
sell them to users.

 "Is the wholesaler to be regarded as coming
under Section 2(b) under the word 'sell' as used
therein? Is he engaged in the business of sell-
ing apparatus for the dispensing of butane?"

 Section 2 (b) quoted in the first part of this
opinion, uses the word "sell". We believe that applies
to all manufacturers, assemblers, sellers and transport-
ers, limiting the application according to terms of per-
son, firm or corporation engaged in that business and
not applying it to all employees of the firm, person or
corporation. We believe the law has the same applica-
tion to the wholesaler as to the retailer. Therefore,
you are advised that the person inquired about in your
Question No. 6 must comply with the law and secure a li-
cense and post a bond as required by H.B. 792.

 We trust these answers to your inquiries will
be of assistance to you in the administration of this
Act.

      Yours very truly

     ATTORNEY GENERAL OF TEXAS

   BY  *Morris Hodges*

      Morris Hodges
      Assistant

MH:ob

APPROVEDAUG 19, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN